UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| William Hebert, | : <br> : <br> : Civil Action No.: 3:13-cv-00440 <br> Plaintiff, : <br> : <br> v. : <br> : **FIRST AMENDED COMPLAINT** <br> GE Capital Retail Bank, : <br> : <br> Defendant. : <br> : |

For this First Amended Complaint, Plaintiff, William Hebert, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, William Hebert ("Plaintiff"), is an adult individual residing in Santa Fe, Texas, and is a "person" as defined by 47 U.S.C. § 153(10).

4. Defendant, GE Capital Retail Bank ("GE"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(10).

**FACTS**

5. Within the last four (4) years, Defendant contacted Plaintiff by placing calls to both Plaintiff's cellular and residential telephones.

6. The calls from Defendant originated from the following telephone numbers, including but not limited to, (800) 641-4526

7. At all times mentioned herein, Defendant contacted Plaintiff on his cellular and residential telephones using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

8. When answering each of Defendant's ATDS calls, Plaintiff heard a prerecorded message directing him to return Defendant's call at the number provided.

9. At all times, Defendant placed calls in an attempt to collect on charges for a credit card. On at least one occasion, Plaintiff spoke with Defendant's representative and stated he had previously terminated his business relationship with Defendant in or around August 2013, and he no longer had a credit card with Defendant.

10. Accordingly, Plaintiff requested Defendant cease all ATDS calls to both his cellular and residential telephones.

11. Despite such instructions, Defendant continued to hound Plaintiff with ATDS calls.

12. If at one time Defendant had obtained Plaintiff's express consent to place calls to his cellular telephone, it no longer had consent after Plaintiff requested the calls cease.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227,** *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular and residential telephones using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

15. In the event Defendant at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

16. Regardless, Defendant continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

20. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 11, 2014

Respectfully submitted,

By: __/s/ Jody B. Burton_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

**CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that on February 11, 2014, a true and correct copy of the foregoing First Amended Complaint was filed with the Clerk of Court for the United States District Court for the Southern District of Texas using the CM/ECF system, which sent notice of such filing to the following party listed below:

John A. Ramirez, Esq.
Bush & Ramirez, LLC
5615 Kirby Drive, Suite 900
Houston, TX 77005

                                                         */s/ Jody B. Burton*
                                                         Jody B. Burton, Esq.